**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 30 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY J. MARTINEZ, | No. 18-15660 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00475-HG-RLP |
| v. | |
| RICHARD V. SPENCER, Secretary of the Navy; JAMIE K. KALOWSKY, CMDR, Captain Pearl Harbor Navy Shipyard and Intermediate Maintenance Facility, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted May 21, 2019[**]

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Gary J. Martinez appeals pro se from the district court's summary judgment

and dismissal order in his employment action alleging claims arising from

defendants' alleged failure to accommodate his disability. We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008) (summary judgment); *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003) (motion to dismiss).  We affirm.

The district court properly dismissed Martinez's Title VII claim against defendant Kalowsky because there is no individual liability under Title VII.  *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993).

The district court properly granted summary judgment on Martinez's hostile work environment claim because Martinez failed to raise a genuine dispute of material fact as to whether the alleged conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2004) (setting forth elements of a hostile work environment claim under Title VII).

The district court properly granted summary judgment on Martinez's Rehabilitation Act claim because Martinez failed to raise a genuine dispute of material fact as to whether Martinez was a qualified individual able to perform the essential functions of his job as a painter helper.  *See* 42 U.S.C. § 12111(8) (defining qualified individual); *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (setting forth requirements for a failure-to-accommodate claim); *see also Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) (Rehabilitation Act and Americans with Disabilities Act

18-15660

claims evaluated by the same standards).

The district court properly granted summary judgment on Martinez's Privacy Act claim because he failed to raise a genuine dispute of material fact as to whether Martinez suffered actual damages for purposes of the Privacy Act. *See FAA v. Cooper*, 566 U.S. 284, 299 (2012) (limiting Privacy Act suits to actual damages, which the Court defined as proven pecuniary or economic harm).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Martinez's motion to review the entire judicial record (Docket Entry No. 17) is denied as unnecessary.

**AFFIRMED.**